IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **WILLIAM ERNEST FERRELL**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:10-1293 |
| | ) | |
| **TERRY MILLER**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 10, 2010, Plaintiffs,[1] acting *pro se* and incarcerated at the Southern Regional Jail, in Beaver, West Virginia, filed their Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 1.) In their Complaint, Plaintiffs name the following as Defendants: (1) Terry Miller, Director of the West Virginia Regional Jail Authority; and (2) Vicki Greene, Administrator of the Southern Regional Jail. (Document No. 1, p. 4.) Plaintiffs complain that the conditions of confinement at Southern Regional Jail [SRJ] are unconstitutional. (Id., pp. 4 - 9.) First, Plaintiffs claim that SRJ is a "100% overcrowded jail 100% of the time," which causes high tension between staff and inmates. (Id., pp. 4 - 6, 8 - 9.) Plaintiffs contend that "assaults are unusually high" as a result of overcrowding." (Id., pp. 8 - 9.) Plaintiff Farrell claims that he was assaulted by another

---

[1] William Ernest Ferrell filed a Complaint naming the following as additional plaintiffs to the case: Ronald Lee Brooks, Arthur Ray Petrie, Gary W. Garretson, Jeffrey Sickles, and all other protective custody inmates similarly situated within the Southern Regional Jail in A-1 Pod. (Document No. 1., p. 3.) The undersigned notes that Plaintiff Ferrell is the only plaintiff that signed the Complaint. (*Id.*, p. 16.)

[2] Because Plaintiffs are acting *pro se*, the documents which they have filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

inmate on September 5, 2010. (Id., p. 6.) Plaintiff Farrell alleges that he was placed in protective custody after reporting the assault to Sargent Athey, the day shift commander. (Id.) Plaintiff Farrell asserts that he has "a very serious medical condition" that was aggravated by the assault and Defendants are acting with deliberate indifference to his medical needs. (Id.) Next, Plaintiffs complain that they are subjected to 23-hour per day lock-down because protective custody inmates are placed in the same category as administrative segregation inmates. (Id., pp. 6 - 7.) Finally, Plaintiffs allege that the law library is inadequate for the number of inmates. (Id., p. 8.) Plaintiffs request declaratory and injunctive relief. (Id., pp. 12 - 13.)

As Exhibits, Plaintiffs attach the following: (1) A copy of Plaintiff Ferrell's "Inmate Grievance" dated September 12, 2010, requesting medical treatment (Id., p. 17.); (2) A copy of Plaintiff Ferrell's "Inmate Request" dated September 9, 2010, requesting law books (Id., p. 18.); (3) A copy of Plaintiff Ferrell's "Inmate Grievance" dated September 12, 2010, requesting medical treatment (Id., p. 19.); (4) A copy of Plaintiff Ferrell's Appeal to the Chief of Operations dated September 10, 2010, complaining of the conditions of protective custody (Id., pp. 20 - 21.); (5) A copy of Sick Call Request from Plaintiff Ferrell (Id., p. 22.); (6) A copy of Plaintiff Ferrell's Affidavit (Id., pp. 24 - 24.); (7) A copy of Plaintiff Petrie's Affidavit (Id., p. 26.); (8) A copy of Plaintiff Sickles' Affidavit (Id., p. 27.); and (9) A copy of Plaintiff Garretson's Affidavit (Id., p. 28.).

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.

1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision

---

[3] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is

4

pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the

5

>district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the

Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

In the Complaint, Plaintiffs acknowledge that they did not fully exhaust their administrative remedies. (Document No. 1, p. 3.) Plaintiffs appear to contend that prison staff failed to properly respond to their administrative remedy requests. (Id.) Specifically, Plaintiffs state they "filed proper grievance forms several times," but "there was no response." (Id.) "Failure to receive a response is not an excuse for not moving to the next level of the grievance procedure." Nally v. King, 2013 WL 594709 * 3 (N.D.W.Va. Jan. 3, 2013); Cremeans v. Villers, 2012 WL 2359831 *3 (N.D.W.Va. May 29, 2012). In the instant case, Plaintiffs failed to consider the absence of a response as a denial and proceed to the next level. After Plaintiffs allegedly failed to receive a response from the Chief of Operations, Plaintiffs filed the instant Complaint. Plaintiffs, however, should have filed an appeal to the Office of the Executive Director when they did not receive a timely, written response from the Chief of Operations. Thus, Plaintiffs filed the Complaint without first exhausting their administrative remedies pursuant to the PLRA. The undersigned, therefore, recommends that Plaintiffs' Complaint be dismissed in view of their failure to exhaust their administrative remedies.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiffs' Complaint (Document No. 1.) and remove this matter

Case 5:10-cv-01293 Document 6 Filed 11/06/13 Page 8 of 8 PageID #: 45

from the Court's docket.

The Plaintiffs are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: November 6, 2013.

R. Clarke VanDervort
United States Magistrate Judge