**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

WILLIAM ERNEST FERRELL, et al.,

     Petitioners,

v.          CIVIL ACTION NO.   5:10-cv-01293

TERRY MILLER, et al.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Complaint* (Document 1), the Magistrate Judge's Proposed Findings and Recommendation (PF&R) (Document 6), and Plaintiff Gary W. Garretson's *Objection to Proposed Findings and Recommendation* (Document 12).   By Standing Order (Document 2) entered on November 10, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On November 6, 2013, the Magistrate Judge submitted his PF&R, wherein he recommended that this Court dismiss the Plaintiffs' complaint.   Following careful consideration, the Court finds that the Magistrate Judge's PF&R should be adopted and the Plaintiff's objections should be overruled.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge sets forth the factual allegations and procedural history in detail. The Court now incorporates by reference those facts and procedural history.   To provide context for the ruling herein, the Court provides the following summary.

On November 10, 2010, the Plaintiffs, four men held in the protective custody unit at Southern Regional Jail, filed a Complaint (Document1) alleging violations of 42 U.S.C. § 1983. They name as defendants Terry Miller, Director of the West Virginia Regional Jail Authority, and Vicki Greene, Administrator of the Southern Regional Jail.   Plaintiff Ferrell appears to have written the bulk of the complaint, and the three other plaintiffs wrote and signed additional supportive pages recounting their own experiences.   Plaintiff Ferrell alleges that he was assaulted twice by fellow inmates, and prison officials first laughed it off, then, following his renewed complaint, moved him to protective custody.   He further alleges that his serious medical needs have not been met by the defendants.

The Plaintiffs collectively allege a number of related problems at Southern Regional Jail. As an overarching concern impacting each of the more specific allegations, they state that the jail is overcrowded and operates near double capacity.   In part due to the overcrowding, tensions are high and there are frequent altercations between guards and inmates and between inmates.   More specifically, the Plaintiffs allege that protective custody inmates are housed in the same unit, and under the same restrictions, as disciplinary lockdown and administrative segregation inmates. The Plaintiffs, all protective custody inmates at the time the complaint was filed, allege that the disciplinary lockdown and administrative segregation inmates throw feces and urine at protective custody inmates, a situation compounded by the lack of access to cleaning supplies in the unit.

Protective custody inmates are kept on lockdown twenty three (23) hours per day, while the general population has extensive dayroom free time and an hour of daily outdoor recreation. Finally, the Plaintiffs allege that the law library, which has one computer that is often inaccessible, one typewriter, and space for only two inmates at a time, is insufficient to meet the needs of the inmates.   They request that a larger law library at Southern Regional Jail, which is currently not in use, be opened.

The Plaintiffs attached grievance forms and responses, noting on the forms when no response was received.   These exhibits include: a copy of Plaintiff Ferrell's September 12, 2010 "Inmate Grievance" requesting medical treatment (Compl. at 17); a copy of Plaintiff Ferrell's September 9, 2010 "Inmate Request" for law books (*Id.* at 18); a copy of Plaintiff Ferrell's September 12, 2010 "Inmate Grievance" seeking medical treatment (*Id.* at 19); a copy of Plaintiff Ferrell's September 10, 2010 Inmate Grievance and Appeal to the Chief of Operations concerning the conditions in the protective custody unit (*Id.* at 20–21)(noting lack of response) and a copy of Plaintiff Ferrell's September 13, 2010 request for an answer to a medical question (*Id.* at 22.)

The Magistrate Judge recommends that the Complaint be dismissed for failure to exhaust administrative remedies as required.   (PF&R at 7.)   Plaintiff Gary W. Garretson was the only Plaintiff to submit objections to the PF&R. [1]   In his objections, this Plaintiff asserts that administrative exhaustion was not required because the complaint made allegations of physical abuse, specifically the assault alleged by Plaintiff Ferrell.

---

1 Mr. Garretson is now housed at the St. Mary's Correctional Center.   Mail sent to each Plaintiff at Southern Regional Jail was returned as undeliverable, and resent if another address was available. However, no current address was available for any other Plaintiff.   It appears that none of the Plaintiffs is currently housed at Southern Regional Jail.   If this case were not subject to dismissal for failure to exhaust administrative remedies, it would likely be dismissed as moot, as the Plaintiffs seek declaratory and injunctive relief to ameliorate the conditions they complained of at Southern Regional Jail.

## II.      STANDARD OF REVIEW

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). The Magistrate Judge recommends, based on his screening of the case, that the Plaintiffs' complaint be dismissed for failure to state a claim upon which relief may be granted due to failure to exhaust administrative remedies.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III.    DISCUSSION

The Magistrate Judge clearly and thoroughly explained the grievance procedure at the West Virginia Regional Jail Authority, as well as the steps taken—and not taken—by the Plaintiffs.  (PF&R at 6–7.)   The Court hereby adopts his explanation and incorporates it by reference.  In summary, the Plaintiffs initiated the grievance process with respect to certain of their claims, but did not properly exhaust by making timely appeals up to and including appeals to the Office of the Executive Director.  (*Id.* at 7; Compl. Ex. at 17–22.)   Mr. Garretson does not dispute the fact that administrative remedies were not exhausted, though he does note that the Plaintiffs filed grievances without receiving responses.   (Obj. at 2.)   Instead, he asserts, based on West Virginia Code § 25-1A-2, that "[b]ecause Plaintiff has brought a civil action alleging past, current and/or imminent physical abuse, the requirement to exhaust administrative remedies does not apply, and Plaintiff should be excused from that requirement."   (*Id.*)

The Prison Litigation Reform Act (PLRA) requires that inmates filing civil actions regarding prison conditions first exhaust available administrative remedies.   42 U.S.C. § 1997e(a).   It provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a).   The Supreme Court has repeatedly affirmed the broad nature of the exhaustion requirement in the PLRA, including its application to cases involving assault and excessive force allegations.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Though failure to exhaust administrative remedies is an affirmative defense and not a pleading requirement, "even if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *see also Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). Here, the Plaintiffs discussed their administrative grievances in their complaint and attached as exhibits the grievances they filed. They had the opportunity, through objections to the PF&R, to demonstrate that they had, in fact, exhausted administrative remedies. Thus, the Court may properly dismiss for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 1915A screening.

Mr. Garretson cites the West Virginia Prison Litigation Reform Act, which has its own exhaustion requirement, but provides an exception for cases alleging past, current, or imminent physical abuse. The federal PLRA governs this case as a federal action filed in federal court. However, the federal PLRA was designed to incorporate the state administrative procedures that it requires inmates to exhaust before filing their lawsuits. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (noting that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.") Nonetheless, inmates filing suits governed by the PLRA are required to exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The Supreme Court has held that inmates must complete all available administrative processes, even if the administrative system does not offer the relief sought in the court filing. *Booth v. Churner*, 532 U.S. at 741.

Other courts, considering the precise question of whether an inmate in a West Virginia prison bringing a claim involving assault in a federal court must exhaust the state administrative procedures, despite the state law exception, have found that the PLRA requires such exhaustion. *See, e.g. Short v. Walls*, CIV.A. 2:07-0531, 2010 WL 839430 (S.D.W. Va. Mar. 5, 2010) aff'd, 412 F. App'x 565 (4th Cir. 2011) ("although plaintiff may not have been required to exhaust administrative remedies pursuant to state procedure, the exhaustion of available remedies may have resulted in some responsive action and is required under the PLRA."); *Short v. Greene*, 577 F. Supp. 2d 790, 793 (S.D.W. Va. 2008) (thoroughly analyzing the intersection of the PLRA exhaustion requirement with the W.Va. Code § 25-1A-2(c) exception for physical abuse, and finding that the PLRA requires exhaustion of all administrative remedies).   This Court, likewise, finds that the PLRA mandates exhaustion of all available administrative remedies, even in cases involving assault for which West Virginia law provides an exception for claims brought in state courts.   Accordingly, the Plaintiff's objections must be overruled, and his claim dismissed.

Even assuming that the failure to exhaust administrative remedies did not bar this suit, Mr. Garretson's objections would be overruled.   Pro-se plaintiffs may represent only themselves and cannot bring claims on behalf of others.   Only Mr. Ferrell's claims of assault could be excepted from the West Virginia administrative exhaustion requirement, and Mr. Ferrell did not file objections to the PF&R or sign those filed by Mr. Garretson.   The remaining claims clearly involve prison conditions for which no exception to the exhaustion requirement exists, and Mr. Garretson makes no argument that those claims either were administratively exhausted or that they are exempt from the requirement.   Though the Supreme Court has held that an unexhausted claim does not taint exhausted claims brought within a single complaint to require dismissal of the

whole, a claim for which exhaustion can be shown, or is not required, certainly does not save unexhausted claims, as Mr. Garretson seems to suggest.   *See Jones v. Bock*, 549 at 219–222.


## *CONCLUSION*

For the reasons stated herein, following thorough review and careful consideration, the Court hereby **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendation (Document 6) and incorporates them herein.   The Court **ORDERS** that the Plaintiff's Objections (Document 12) be **OVERRULED** and that the Plaintiffs' Complaint (Document 1) be **DISMISSED WITH PREJUDICE**.   The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.


ENTER:        January 10, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8